UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EVERT FRESH CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION N0. 4:09-cv-1936 |
| | § | |
| **PACTIV CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM & ORDER**

Pending before the Court is Evert Fresh Corporation's ("Evert Fresh") Motion for Reconsideration (Doc. No. 202) of the Court's March 25, 2011 Order granting Pactiv Corporation's ("Pactiv") Motion for Costs. (Doc. No. 201.) After finding Pactiv to be the prevailing party in this litigation and receiving no objection to Pactiv's motion for more than a month, the Court granted the motion in its entirety. Subsequently, and without explanation for the delay, Evert Fresh filed the present Motion for Reconsideration and Response to Pactiv's Motion for Costs. In its filing, Evert Fresh argues that Pactiv's motion is premature and should be vacated. Alternatively, it argues that Pactiv has not demonstrated that it is the prevailing party and that several of Pactiv's requested costs are not recoverable under 28 U.S.C. § 1920.

**I.    Timing of Motion for Costs**

The Court disagrees with Evert Fresh's contention that Pactiv's motion is premature. Indeed, Pactiv brought the motion after trial and the rendering of a jury verdict. Both Federal Rule of Civil Procedure 54 and Local Rule 54.2 set 14 days after the entry of a final judgment as the *deadline* for requesting costs. Evert Fresh has not pointed the Court to any authority to

1

support its position that a prevailing party must wait until a final judgment is entered before filing an application for costs.

## II. Prevailing Party

Contrary to Evert Fresh's urging, the Court finds that Pactiv is the prevailing party in this matter. "The case must be viewed as a whole to determine who is the prevailing party." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). In this case, Evert Fresh's claim against Pactiv was the case-in-chief and the focus of the litigation as well as of the trial. Of the nine witnesses that testified at trial, only one did not testify in relation to Evert Fresh's breach of contract claim. With regard to the pre-trial phase of the litigation, of the eighteen depositions, only six even involved testimony related to Pactiv's counterclaim.

## III. Recoverable Costs

"There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). There are restrictions, however, on the expenses that a prevailing party may recover as costs under Federal Rule of Civil Procedure 54(d). The Supreme Court has held that, "in cases in which there is no basis for an award of attorney's fees: 1) absent explicit statutory or contractual authorization to the contrary, courts may not tax items other than those listed in 28 U.S.C. § 1920 as costs against the losing party; 2) Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but it does not give them the power to tax items not elsewhere enumerated; and 3) insofar as there are statutory limits to the amounts that may be taxed as costs, Rule 54(d) does not empower courts to exceed those limits." *West Wind Africa Line, Ltd. v. Corpus Christi*

*Marine Services Co.*, 834 F.2d 1232, 1236 (5th Cir. 1988). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Pactiv argues that it is entitled to all of the costs it seeks in its motion. Evert Fresh counters that, even if Pactiv were the prevailing party, it seeks costs that are not recoverable because they do not appear in 28 U.S.C. § 1920. Specifically, Evert Fresh objects to the following requested costs: 1) charges for expedited transcripts, 2) charges for electronic versions of transcripts, 3) charges for incidental costs, and 4) charges for trial transcripts.

### A. Expedited Transcripts

The Fifth Circuit has held that the "that the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). In *Fogleman*, the Fifth Circuit explained that "[a]dditional charges incurred merely for the convenience of one party's counsel should not be taxed to the other," and remanded to the district court to determine whether obtaining the transcript on an expedited basis was "necessary." *Id*.

In this case, Pactiv argues that expediting two *Daubert* hearing transcripts was necessary to meet court deadlines and was not merely for the convenience of its counsel. Indeed, given the

3

Court's favorable oral ruling on Pactiv's first *Daubert* motion, Pactiv contends that it required an expedited transcript to analyze whether Evert Fresh's reformed expert report complied and, if necessary, to file a renewed *Daubert* motion prior to trial.  In fact, Pactiv did file a renewed *Daubert* motion, which the Court granted.  Pactiv argues that it required an expedited transcript of the second hearing granting its renewed *Daubert* motion in order to ensure that Evert Fresh complied with the Court's ruling at trial, which was to begin less than two weeks later.  The third expedited transcript at issue, Pactiv contends, was necessary to support its planned motion for costs, which had to be filed within 14 days of the entry of a final judgment.  The Court is convinced that Pactiv's expedited transcripts were justified under the circumstances and, therefore, the Court will not reduce Pactiv's award of costs on this basis.

### B.  Electronic Versions of Transcripts

Evert Fresh has objected to Pactiv's attempt to recover as costs $8,074.73 in charges for obtaining electronic versions of transcripts.  Evert Fresh argues that "it is settled law in this circuit that charges for electronic versions of transcripts are not costs within the meaning of 28 U.S.C. § 1920."  (Pl.'s Mot. at 3.)  Pactiv counters that the electronic transcripts were necessary to prepare for the next day of trial and to structure questioning for subsequent depositions because the electronic version was the only available transcript.  Although it is a close question, the Court believes it is appropriate to reduce Pactiv's costs by the amount of the charges for electronic versions of transcripts.

Indeed, several district courts in the Fifth Circuit have disallowed as costs charges related to RealTime and other similar electronic drafts of transcripts.  *See e.g.*, *Lofton v. McNeil Consumer & Specialty Pharmaceuticals,* 2011 WL 206165, at *3 (N.D. Tex. Jan. 4, 2011); *IEX Corp. v. Blue Pumpkin Software*, *Inc*. 2004 WL 5698342, at *1 (E.D. Tex. April 8, 2004); *Harris*

*Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002). The Court sees no compelling reason to diverge from the general trend against awarding such costs. Thus, Pactiv's costs will be reduced by $8,074.73.

### C. Appearance Fees

Evert Fresh argues that the court reporter appearance fees that Pactiv included in its Motion for Costs are incidentals that are not recoverable as costs. The only case that Evert Fresh cites, however, does not stand for this proposition. Rather, the district court in *Maurice Mitchell Innovations, L.P. v. Intel, Corp.*, held that "incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable." 491 F.Supp.2d 684, 687 (E.D. Tex. 2007). The court mentioned nothing about excluding the costs of securing the appearance of a court reporter at a deposition. In the absence of authority holding that court reporter appearance fees are not recoverable as costs, the Court declines to reduce Pactiv's costs on this basis.

### D. Trial Transcripts

Evert Fresh argues that Pactiv obtained trial transcripts purely for its convenience and, therefore, the expense associated with them is not recoverable as a cost under 28 U.S.C. § 1920. Pactiv contends that trial transcripts need not actually be used during the trial in order to be recovered, but rather must have been "necessarily obtained for use in the case." Pactiv argues that it obtained and then used the disputed transcripts to prepare its Motion for Judgment as a Matter of Law and was prepared to use them in any reply to objections to the motion. Because they were obtained out of necessity, Pactiv argues, the trial transcript costs should not be excluded from its recoverable costs. The Court agrees that, under these circumstances, the trial transcripts are appropriately taxed as a cost against Evert Fresh.

### IV. CONCLUSION

Pactiv is the prevailing party entitled to recover costs under Rule 54(d)(1). The Court is persuaded, however, that Pactiv should not recover $8,074.73 in charges for electronic versions of transcripts. The Court's previous order dated March 25, 2011 is hereby modified to reflect this reduction. Accordingly, Evert Fresh is required to pay Pactiv costs in the amount of $31,922.49.

**IT IS SO ORDERED.**

**SIGNED** at Houston, TX, on this the 7th day of July, 2011.

*/s/ Keith P. Ellison*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE